

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 25, 1960

Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. WW-895

Re: Whether the names of
certain corporations or pro-
posed corporations indicate
or imply a purpose to operate
a title insurance company in
contravention of Art. 2.05A(2),
Texas Business Corporation
Act.

Dear Mr. Steakley:

You have asked this office the specific question, whether the
names of certain corporations or proposed corporations indicate or
imply a purpose to operate a title insurance company in contraven-
tion of Article 2.05A(2), Texas Business Corporation Act, where the
purposes of such corporation or proposed corporation do not include
the operation of a title insurance company. The names are: Texas
Title Guaranty Co. Agency; Community Title Insurance, Inc.; State-
wide Abstract Title and Guaranty Company.

Article 2.05 of the Texas Business Corporation Act provides
in part as follows:

"A. The Corporate name shall conform to the
following requirements:

"(1) It shall contain the word 'corporation,'
'company,' or 'incorporated,' or shall contain an ab-
breviation of one of such words, and shall contain such
additional words as may be required by law.

"(2) It shall not contain any word or phrase
which indicates or implies that it is organized for
any purpose other than one or more of the purposes
contained in its articles of incorporation."

In our opinion, the names "Community Title Insurance, Inc.",
and "Statewide Abstract Title and Guaranty Company" do indicate
and imply a purpose to operate a title insurance company in

contravention of Article 2.05A(2), above quoted, while the name "Texas Title Guaranty Co. Agency" is ambiguous in this respect, but violates subsection (1) and (2) of Article 2.05A. The name "Texas Title Guaranty Co. Agency" primarily suggests acting as agent for another entity named "Texas Title Guaranty Co.". However, if this be the construction intended, the name would violate subsection (1) of 2.05A quoted above, since the necessary wording is not used in the manner impliedly required by this subsection - that is, in a manner which will help disclose that a business is a corporation. Absent this construction, it is just as consistent to reason that the name implies the engaging in the title guaranty business and the business of acting as agent for a title guaranty company as to reason that the name implies that such a company will act only as agent for a title guaranty company. Hence, the name also violates subsection (2).

It is evident the words "Community Title Insurance, Inc." indicate or imply a purpose to engage in the title insurance business. Likewise, the name "Statewide Abstract Title and Guaranty Company" indicates or implies that such a company will engage in the business of making title guaranties which amounts to the engaging in the title insurance business. See definition "Guaranty Company," Webster's New International Dictionary, Second Edition, p. 110; also Attorney General's Opinion No. WW-440 and authorities therein cited.

SUMMARY

The names "Texas Title Guaranty Co. Agency," "Community Title Insurance, Inc.," and "Statewide Abstract Title and Guaranty Company" violate Article 2.05, Texas Business Corporation Act.

Respectfully submitted,

WILL WILSON
Attorney General of Texas

By _Fred B. Werkenthin_
Fred B. Werkenthin
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:

Gordon Cass, Acting Chairman
John Wildenthal
Bob Walls
Paul Floyd

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore